**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEO DION WASHINGTON,          ) | |
| ) | |
| Plaintiffs,      ) | |
| ) | Case No. 17 cv 8290 |
| v.                    ) | |
| ) | Judge Sharon Johnson Coleman |
| PETER O'ROURKE, as Acting Secretary, U.S.   ) | |
| Department of Veterans Affairs, JAN FRYE, as   ) | |
| Deputy Assistant Secretary (Senior Procurement   ) | |
| Executive); CRAIG ROBINSON, as Associate   ) | |
| Director, NAC, and SANDRA MURBACH,   ) | |
| Director, Business Resources Services, NAC,   ) | |
| ) | |
| Defendants.      ) | |

**ORDER**

Plaintiff Leo Washington file a *pro se* Complaint seeking injunctive and other relief against his

employer, the Department of Veterans Affairs ("VA"), and federal officers for violating certain VA

regulations and procedures. Defendants move to dismiss [16] for lack of jurisdiction, failure to state

a claim, and lack of standing. Mr. Washington did not file a written response to the motion, but this

Court heard oral arguments on July 30, 2018. For the reasons stated below, this Court grants the

motion.

**Statement**

Mr. Washington has two separate complaints pending that arise from his employment with

the VA. Washington is a GS-13 contract specialist at VA in Hines, Illinois. In the case now before

the Court, Washington alleges that, beginning in July 2016, the defendant VA officials improperly

interfered with the work of all VA contracting officers in violation of his due process rights among

other issues.

When a party moves to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the district court must accept all well-pleaded facts within the complaint as true but may also consider evidence outside of the pleadings to ensure jurisdiction is proper. *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007)). To survive dismissal under Federal Rule of Civil Procedure 12(b)(6) a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face and raising the right to relief above speculation. *See Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). The Court must first examine whether there is jurisdiction in this court.

The Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies. *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978); *JMB Grp. Tr. IV v. Pennsylvania Mun. Ret. Sys.*, 986 F. Supp. 534, 537 (N.D. Ill. 1997). A court has no jurisdiction to entertain a suit against the United States, its agencies or officials except where Congress has consented. *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370-71 (7th Cir. 2010).

Mr. Washington initially invokes 28 U.S.C. §1331, federal question jurisdiction, as the source of jurisdiction over his claim. That provision, however, is not source of jurisdiction. *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1322, 197 L. Ed. 2d 663 (2017) (Section 1331 "often simply determines which court's doors are open (federal or state)."). This Court then must look to Mr. Washington's claims to determine whether there is a statutory basis for entertaining a suit against the VA, a federal agency.

In his form complaint, Washington asserts the following bases for federal jurisdiction: PL 105 270 § 5; 5 U.S.C. § 558; 5 U.S.C. Chapter 7; 42 U.S.C. § 1983; 42 U.S.C. § 1985; and 41 U.S.C. § 1707; Federal Acquisition Regulation (FAR 1.603-4); VA Acquisition Regulation (VAAR 801.690-7). None of the cited statutes and regulations confer jurisdiction on this Court.

None of the variety of statutes to which Mr. Washington refers to in his complaint support

jurisdiction in this Court. *See Califano v. Sanders*, 430 U.S. 99, 105 (1977) (Title 5 should not be

interpreted as conferring subject-matter jurisdiction over agency actions); *Crestview Village Apartments*

*v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 555, 558 (7th Cir. 2004) (42 U.S.C. §§

1981, 1982, 1983, and 1985 do not confer a jurisdictional basis for suits against federal agency or

officials); *Davis v. Department of Justice*, 204 F.3d 723, 725 (7th Cir. 2000) (42 U.S.C. §§ 1981, 1985,

1986 do not provide a jurisdiction); The various agency regulations that Mr. Washington refers to

also do not create a basis for jurisdiction. *See American Federation of Government Employees, Local 2119 v.*

*Cohen*, 171 F.3d 460, 471-72 (7th Cir. 1999) (affirming the district court's holding of no jurisdiction

to hear federal employee's claims based on federal contracting and procurement regulations).

Mr. Washington purports to seek relief through the Administrative Procedures Act ("APA")

for the above stated grievances. Despite his claims being rather vague, this Court should find that it

cannot exercise jurisdiction over this matter because the APA does not provide for an avenue for

federal employees to circumvent the Civil Service Reform Act ("CSRA"), 5 U.C.C. § 2302, *et seq.* By

creating the CSRA, Congress removed the jurisdiction of federal district courts over personnel

actions arising out of federal employment. *Paige v. Cisneros*, 91 F.3d 40, 43 (7th Cir. 1996). Mr.

Washington's reliance on the "Follow the Rules Act," PL 105 270 § 5, during oral arguments does

not save his complaint as that provision only added "rule or regulation" to the federal employee

whistleblower statute. *See* 5 U.S.C. § 2302. He has not presented any authority demonstrating that

this amendment altered the analysis that the CSRA is the exclusive avenue for personnel actions by

federal employees. In *Sculimbrene v. Reno*, for example, the court found that the CSRA precluded the

whistleblower suit by former FBI agent against FBI General Counsel and White House Counsel,

alleging they conspired to injure him and forced him to retire, in retaliation for agent's testifying as

defense witness at criminal trial of former head of White House Travel Office. 158 F. Supp. 2d 1, 5

(D.D.C. 2001). The CSRA precluded the federal agent's law suit despite the CSRA providing no remedy for his claims. *Id*. Similarly, Mr. Washington's status as a federal employee is central to his claims and the CSRA precludes jurisdiction in this Court.

Based on the foregoing, this Court grants defendants' Motion to Dismiss [16] and dismisses the case for lack of jurisdiction. Civil case terminated.

IT IS SO ORDERED.

Date: 8/2/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge